STUCKEY ET AL., APPELLEES, *v.* THE NEW YORK, CHICAGO & ST. LOUIS RD. CO. ET AL., APPELLANTS.

(Decided December 3, 1937.)

*Messrs. Thompson, Hine & Flory* and *Mr. W. S. Jackson,* for appellees.

*Messrs. Williams, Eversman & Morgan, Messrs. Horn, Weisell, McLaughlin & Lybarger,* and *Messrs. Mulholland & Mulholland,* for appellants.

BY THE COURT. The sole question presented by plaintiff's motion to dismiss the appeal in this case is whether an appeal on questions of law may be taken in a chancery case.

Section 6 of Article IV of the Constitution, in part provides:

"The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law."

In the first paragraph of the syllabus in the case of *Chandler & Taylor Co.* v. *Southern Pacific Co.,* 104 Ohio St., 188, 135 N. E., 620, the Supreme Court, in passing upon the above constitutional provision, held:

"Such interpretation must be given a provision of the Constitution as will promote the object of the people in adopting it, and narrow and technical definitions of particular words should be avoided. In obedience

to this rule the term 'judgments' appearing in Section 6, Article IV of the Constitution as amended in 1912, is used in its broad and generally accepted meaning and not in that restricted meaning formerly given it by the Legislature in Section 11582, General Code. The term comprehends all decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby.''

A decree is a judicial decision of a litigated cause by a court of equity—that is, a judicial decision of a chancery case—but as above held is also a ''judgment'' within the meaning of such constitutional provision. Therefore the jurisdiction conferred by that constitutional provision on the Courts of Appeals to review, affirm, modify, or reverse the judgments of the Court of Common Pleas, comprehends jurisdiction to review, affirm, modify, or reverse decrees in chancery cases, and such jurisdiction is cumulative to the appellate jurisdiction in the trial of chancery cases conferred by the constitutional provision on the courts. A party to a chancery case in the Common Pleas Court, in perfecting his appeal to the Court of Appeals, has the right to elect, at the time such appeal is taken, whether his appeal to the Court of Appeals shall come within the appellate jurisdiction of the court in the trial of chancery cases, or the appellate jurisdiction of such court to review, affirm, modify, or reverse the judgments of the Common Pleas Court.

This conclusion is in accord with the rules of constitutional construction appearing in 8 Ohio Jurisprudence, at page 143:

''That meaning is ascribed to the language of a constitutional amendment or provision which will not thwart or defeat, but which will accomplish, the purpose of its enactment and adoption, and the context will be examined to ascertain such purpose. The intent and purpose of any provision of the state Consti-

tution should not be defeated by any technical construction of its terms. On the contrary, if the language is sufficiently plain to disclose that intent and purpose, then such construction must obtain as will give full force and effect thereto, even though it be attended with some difficulty.''

We therefore hold that the appeal on questions of law taken in this case, which is a chancery case, is authorized by the Constitution, and the motion to dismiss the same will be overruled.

*Motion overruled.*

Guernsey, P. J., Crow and Klinger, JJ., concur.